## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE | ) | |
| 1899 L Street, N.W., 12th Floor | ) | |
| Washington, D.C. 20036 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-2138 |
| | ) | |
| U.S. DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| 200 Independence Avenue, S.W. | ) | |
| Washington, DC 20201 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND  INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against

Defendant U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES ("HHS"),

alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to

   compel production under three FOIA requests seeking copies of agency records

   related to the creation and design of the federal health insurance exchange (*e.g.,*

   *Healthcare.Gov*).

2) In a September 8, 2014 request sent by email and facsimile to HHS's Centers for

   Medicare & Medicaid Services (CMS),[1] CEI sought seven categories of

   communications related to tax credits on the Federal Affordable Care Act exchange

   web site, such as, "regarding functions or technology" for determining tax credit

---

[1] For example, it was emailed to 'FOIA_Request@cms.hhs.gov'.

"eligibility," or "for calculating premium tax credits," or "to calculate or to display comparative pricing options after any tax credits."

3) In a September 8, 2014 request sent by email and facsimile to HHS, [2] CEI sought seven categories of communications related to whether tax credits would be available to consumers on a federally-facilitated insurance exchange, and how to calculate such tax credits, including "functions or technology" for calculating them. It also sought communications with three influential people who have written about such credits and the Affordable Care Act: Jonathan Gruber, Timothy Jost, and Simon Lazarus.

4) In a September 11, 2014 request sent by email and facsimile to HHS's Centers for Medicare & Medicaid Services (CMS), [3] CEI sought various categories of "documents related to Contract No. HHSM-500-2007-000151 or any September 30, 2011 contract with CGI or QSSI." It also sought "communications between March 1, 2010 and August 28, 2012, regarding . . . whether tax credits would be available to consumers on a federally-facilitated insurance exchange," and related subjects, such as "functions or technology" for calculating any such tax credits.

5) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days. (*See* 5 U.S.C. § 552(a)(6)(A)(i)). Under *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must inform the requester of the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions.

---

[2]For example, it was emailed to 'Michael.Marquis@hhs.gov'.
[3] For example, it was emailed to 'FOIA_Request@cms.hhs.gov'.

6) Thus, HHS owed Plaintiff such a response to the first two requests by October 6, 2014, and the third by October 9, 2014.

7) But HHS has not substantively responded to CEI's requests, although it has assigned tracking numbers to two of the three requests, and indicated that it will respond to them in the future.

8) For example, in a letter dated September 17, 2014, but postmarked later, HHS's CMS stated that it "acknowledges receipt of your Freedom of Information Act (FOIA) request dated 9/11/2014 to the Centers for Medicare & Medicaid Services (CMS) or one of this agency's Medicare contractors," apparently a reference to the FOIA request described above in paragraph 4 of this Complaint.  It did not state whether the requested records would be provided, but did indicate that the request had been assigned "Control Number 091220147055," that "FOIA requires that we respond to your request within 20 working days of its receipt in this office," and that a response would be forthcoming in light of a "response time" that would be impacted by "unusual and exceptional circumstances."

9) But no such response has yet been received.

10) Similarly, in a letter dated October 1, 2014, but postmarked October 8, 2014, HHS's CMS stated that it "acknowledges receipt of your Freedom of Information Act (FOIA)  request dated 9/8/2014 to the Centers for Medicare & Medicaid Services (CMS) or one of this agency's Medicare contractors," apparently a reference to the FOIA request described above in paragraph 2 of this Complaint.  It did not state whether the requested records would be provided, but did indicate that the request had been assigned "Control Number 090920147026" that "FOIA requires that we respond

to your request within 20 working days of its receipt in this office," and that a

response would be forthcoming in light of a "response time" that would be impacted

by "unusual and exceptional circumstances."

11)  But no such response has yet been received.

12)  Plaintiff has received no received no response of any kind in response to the

plaintiff's third FOIA request, the one described in paragraph 3.

13)  Although HHS cited "unusual" circumstances in its letters, it did not qualify for the

extension that is available to some agencies facing "unusual circumstances," which is

usually "not more than ten working days." 5 U.S.C. § 552(a)(6)(A)(i)). To obtain an

extension, it must provide "written notice to the person making such request setting

forth the unusual circumstances for such extension and *the date* on which a

determination is expected to be dispatched." *Id.* (emphasis added). That provision

does not apply in this case, since HHS has never provided any such date, much less a

"written notice . . .setting forth . . . the date on which a determination is expected to

be dispatched."  *See id.*

14)  Even if HHS actually *were* entitled to an extension in light of  "unusual

circumstances," the resulting extension would not be "more than ten working days."

*Id.*  An extension cannot exceed ten days unless the notice notifies "the person

making the request" that "the request cannot be processed within" those ten additional

working days, and also provides "the person an opportunity to limit the scope of the

request so that it may be processed within that time limit. 5 U.S.C. § 552(a)(6)(B)(i).

Here, HHS did not *state* that the request *could not* be processed within "ten additional

working days," nor did it notify plaintiff that limiting the scope of its request would

4

give it an "opportunity" to have its request "processed within that time limit." *See* 5

U.S.C. § 552(a)(6)(B)(i). So there would be no basis for an extension of more than

ten days even if HHS *were* entitled to an extension based on "unusual circumstances,"

which it is not.

15) Thus, even if HHS actually were entitled to an extension based on "unusual

circumstances," HHS would have owed plaintiff a substantive response to its FOIA

requests within thirty working days. Those thirty days have long since passed: the

thirty-day deadline for the first two FOIA requests would have expired on October

21, 2014, and the thirty-day deadline for the third FOIA request would have expired

on October 24, 2014.

16) These withheld documents are Agency records subject to disclosure under FOIA.  By

failing to substantively respond to CEI's request, even though the legal deadline for

responding has long passed, HHS has left Plaintiff no recourse but to bring this

lawsuit to compel HHS to comply with the law.

## PARTIES

17) Plaintiff CEI is a nonprofit, tax-exempt, public-interest organization with formal

research, educational, and publication functions as part of its mission. CEI's programs

include research, investigative journalism and publication, as well as a transparency

initiative seeking public records relating to how policymakers use public resources.

18) Defendant HHS is a cabinet department within the Executive Branch of the United

States Government. It is an agency within the meaning of 5 U.S.C. § 552(f) and thus

is subject to FOIA. It has possession of and control over the records and documents

sought by plaintiff in this action.

## JURISDICTION AND VENUE

19) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is

brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of

disputes under FOIA presents a federal question.

20) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because

Plaintiff resides in the District of Columbia and Defendant is a federal agency.

## LEGAL ARGUMENTS
### Defendant HHS Owed But Has Failed to Provide Plaintiff a Substantive Response to its Requests

21) FOIA provides that a requesting party is entitled to a substantive agency response

within twenty working days, affirming the agency is processing the request and

intends to comply.  (5 U.S.C. § 552(a)(6)(C)(i)); s*ee CREW v. FEC*, 711 F.3d 180,

186 (D.C. Cir. 2013) (response must be substantive, and inform requester of the scope

of records it plans to produce and withhold). In "unusual circumstances," this

deadline may be "extended by written notice" for a period of not "more than ten

working days" (5 U.S.C. § 552(a)(6)(B)(i)).

22) Thus, as is explained above, HHS owed CEI a substantive response to all of its FOIA

requests back in October.  (*See* this Complaint, ¶¶ 5-15).

23) By not substantively responding to CEI's request, defendants have constructively

denied the requests for records, and by this refusal plaintiff has exhausted its

administrative remedies. Due to this failure to respond, plaintiff need not

administratively appeal. *See CREW v. FEC*, 711 F.3d 180, 184 (D.C. Cir. 2013).

24) For the foregoing reasons, HHS is now legally required to provide Plaintiff records

responsive to its request.

**CEI Is Entitled to a Fee Waiver for Each of Its FOIA Requests, and HHS Has
Waived Its Ability to Collect Any Fees for Processing CEI's Requests**

25) In addition to not substantively responding to CEI's FOIA requests, HHS also did not
respond to CEI's request for a fee waiver, which was made on multiple grounds. In
each FOIA request, CEI duly requested that any applicable fees be waived based on
the public interest. *See* 5 U.S.C. § 552(a)(4)(A)(iii). As it explained, "disclosure is in
the public interest because it is likely to contribute significantly to public
understanding of the operations or activities of the Government and is not primarily
in the commercial interest of the requestor."  CEI noted that it had "previously
contributed to public discussion of the tax credits at issue in this FOIA request, as
well as many issues regarding the Affordable Care Act and its healthcare exchanges,
which are the focus of this FOIA request.  For example, 'The Wall Street Journal,
Bloomberg, Forbes, New Republic, Slate and others carried stories' recently due to
the work of CEI's Ryan Radia'"[4] about the healthcare law and related tax credit
issues.  And CEI also noted that it had "published about issues related to this
contract's subject matter, such as Healthcare.gov and the availability of tax credits
through the federal exchange under the Affordable Care Act." Moreover, CEI
indicated its ability and intent to widely disseminate the information through web
sites, blogs, and the media. As an additional ground for seeking a fee waiver, CEI
argued that it "qualifies as a press entity" eligible for a fee waiver based on its blogs,

---

[4] *See* Lynn Hicks, *W.D.M. native Radia fuels Obamacare fight*, Des Moines Register, July 30, 2014 (citing
such coverage) ( www.desmoinesregister.com/story/news/health/2014/07/29/ryan-radia-obamacare-blog/13309303).

newsletters, and other publications, citing a past waiver of fees granted due to its status as a media requester.[6]

26) Due to its failure to respond to CEI's FOIA requests, HHS has waived its ability to collect fees for processing and copying the requested records. *See Lawyers Comm. v. U.S. Dep't of the Treasury*, 2009 WL 2905963 (N.D. Cal. Sept. 8, 2009) (agency waived right to object to plaintiff's request for a fee waiver where it failed to respond within 20 days of the request). Due to HHS's failure to respond to CEI's fee waiver request, CEI has exhausted any administrative remedies regarding its fee-waiver request. *See Public Citizen v. Dept. of Educ.*, 292 F.Supp.2d 1, 4 (D.D.C. 2003).

## FIRST CLAIM FOR RELIEF
### Duty to Produce the Requested Records -- Declaratory Judgment

27) Plaintiff re-alleges paragraphs 1-26 as if fully set out herein.

28) CEI has sought and been denied production of responsive records related to the conduct of official business.

29) CEI has a statutory right to the information it seeks.

30) HHS failed to provide CEI responsive records, or respond in any substantive way.

31) CEI has exhausted its administrative remedies.

32) HHS has waived its right to collect fees for processing or responding to CEI's request due to its failure to respond to CEI's request for a fee waiver.

33) Plaintiff asks this Court to enter a judgment declaring that

    i.   The records described in CEI's FOIA requests are public records subject to release under FOIA;

---

[6] *See also* 40 C.F.R. 2.107(c)(iii) (fees waived for media); *EPIC v. DOD*, 241 F.Supp.2d 5 (D.D.C. 2003) (publisher of bi-weekly electronic newsletter qualified as media under FOIA)*; Forest Guardians v. Dept. of Interior*, 416 F.3d 1173 (10th Cir. 2005) (fee waiver for group that "aims to place the information on the Internet"; "Congress intended the courts to liberally construe the fee waiver" provisions).

ii.  HHS must release those requested records;

iii.  HHS's refusal to produce the requested records is unlawful.

iv.  HHS may not charge fees for processing or responding to CEI's FOIA request.

### SECOND CLAIM FOR RELIEF
**Release of the Requested Records -- Injunctive Relief**

34) Plaintiff re-alleges paragraphs 1-33 as if fully set out herein.

35) CEI is entitled to injunctive relief compelling HHS to produce all records in its possession responsive to CEI's FOIA requests.

36) This Court should enter an injunction ordering HHS to produce to CEI, within 10 days of the date of the order, the requested records, without any charge or fees.

### THIRD CLAIM FOR RELIEF
**Costs And Fees – Injunctive Relief**

37)  Plaintiff re-alleges paragraphs 1-36 as if fully set out herein.

38)  Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

39)  This Court should enter an injunction ordering the HHS to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 17th day of December, 2014,

*Hans Bader*

Hans Bader, D.C. Bar No. 466545
Sam Kazman, D.C. Bar No. 946376
Competitive Enterprise Institute
1899 L Street, N.W., 12th Floor
Washington, D.C. 20036
(202) 331-2278
*Attorneys for Plaintiff*

9